# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

RALPH ZUMPANO, SR.,

        Plaintiff,        Case No. 05-C-116

        v.

G. LEBLANC CORP. and
AUXIANT, INC.,

        Defendants.

## OPINION AND ORDER

        The court ORDERS that the "Defendant's Motion for Reconsideration of Order Denying Motion for Leave to File Answer to Complaint Instanter" (filed May 6, 2005) IS DENIED. The movant did not file a brief and has not established that an attorney's vacation or work on other cases, without other factors, constitutes "excusable neglect" under Federal Rule of Civil Procedure 6(b). See Gonzalez v. Ingersoll Milling Machine Company, 133 F.3d 1025, 1030-31 (7th Cir. 1998); United States v. Dumas, 94 F.3d 286, 289 (7th Cir.1996), cert. denied sub nom., Dexter v. United States, 520 U.S. 1105 (1997).

        Defense counsel's affidavit discloses that the Defendant received the complaint on February 8, 2005, but did not return the waiver of service provided by Plaintiff's counsel until March 9, 2005, almost a month later. Defense counsel acknowledges that the answer was due April 4, 2005, which is also the date that Defendant retained local counsel. He had time to retain counsel but not enough time to prepare and file a request for an extension within which to file an answer.

Affiant further admits that, during this time, he was retained to represent an employer in an NLRB matter. In addition, he states the same client retained him to represent them in five unfair labor practices charges before the NLRB. Affiant further admits that he was able to reschedule the NLRB hearing to April 6, 2005, "due to my pre-existing family vacation," something he obviously was aware of when he undertook to represent the Defendant in this matter, as well as the employer in the NLRB matters.

Affiant goes on to state that, on April 7, 2005, he undertook to represent a "long-standing client" and its employee in a case in Texas.

Although counsel states that his failure to serve and file his answer "was not because of any intent to delay the proceedings in this matter," one wonders what other result could have been expected. The Plaintiff has been without health insurance coverage for over six months and is entitled to his day in court. In this court's judgment, the pitiful excuses offered by counsel do not rise to the level of excusable neglect. As stated above, the "Defendant's Motion for Reconsideration of Order Denying Motion for Leave to File Answer to Complaint Instanter" is denied.

Done and Ordered in Chambers at the United States Courthouse, Milwaukee, Wisconsin, this 11th day of May, 2005.

s/ Thomas J. Curran
Thomas J. Curran
United States District Judge